UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **DOUGLAS B. WATSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-0268 (ESH) |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on review of plaintiff's motion for appointment of counsel and *pro se* complaint. Because plaintiff's claims are patently frivolous, the Court will *sua sponte* deny the motion and dismiss the complaint for lack of subject-matter jurisdiction.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations and internal quotation marks omitted). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* at 330. In such cases, a district court may dismiss the case *sua sponte*. *See Brown v. Dist.*

*Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001-02 (D.D.C. 1975) (noting that a district court has the power to dismiss a case *sua sponte* if it is frivolous).

Even a cursory review of the complaint in this case reveals that plaintiff's allegations meet this standard. Plaintiff appears to be bringing an action for damages against the United States based on alleged "physical, pharmaceutical and psycological [sic] battery" by federal and local law enforcement personnel. Pl.'s Mot. for Appointment of Counsel. For instance, plaintiff claims that he "was offered a job killing people for the FBI. When I declined, pharmaceuticals were put in my food which destroyed my life. A short time later, my teeth were drilled. When Waco went off on schedule, every tooth in my head was broken off at the gum line. A listening device was placed in my house and publicly exposed." (Compl. at 1.) In addition, in an attached "Exhibit for Induced Delay," plaintiff indicates that he seeks $21.4 million plus legal fees and costs and includes additional allegations involving his efforts to obtain damages for a "brutal arrest at San Diego Police Department."

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, plaintiff's claims suggesting a "bizarre conspiracy theor[y]" are clearly fantastic, delusional, and "essentially fictitious." *Best*, 39 F.3d at 330. Accordingly, the Court will dismiss them *sua sponte* for lack of subject-matter jurisdiction.

An Order consistent with this Memorandum Opinion is issued separately.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: February 13, 2009